UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>v. )<br>)<br>)<br>DAMIAN BERRY ) | CR. NO. 05 -357 - 02  (RMU) |

MOTION TO SUPPRESS IDENTIFICATION TESTIMONY
AND POINTS AND AUTHORITIES IN SUPPORT THEREOF

COMES NOW the Defendant, Damian Berry, by and through undersigned counsel, and respectfully moves this Court to suppress as evidence all testimony that relates to the out-of-court identifications of the Defendant by government's cooperating witness, and to preclude the Government from eliciting in-court identifications of the Defendant by that witness.  As grounds for this request Defendant states as follows:

1. Damian Berry and Edgar Fields are each charged in two counts of a four count indictment.  In Count One, both defendants are charged with Unlawful Distribution of cocaine base on or about August 25, 2005, in violation of 21 U.S. Code 841(a)(1) and (b)(1)(C).  Mr. Berry is charged alone in Count Three with Unlawful Distribution of cocaine base on or about September 6, 2005, in violation of 21 U.S. Code 841(a)(1) and (b)(1)(C).  Mr. Fields is charged individually in Counts Two and Four with Unlawful Distribution of cocaine base in violation of 21 U.S. Code 841(a)(1) and (b)(1)(C) on two other dates.  The government has indicated that it intends to introduce evidence that Mr. Berry has been identified as an individual who distributed cocaine base to a cooperating witness during two controlled buys.

- 2 -

2. The informal discovery provided by the government indicates that the cooperating witness was shown a number of photographs, and that the witness identified Mr. Berry during that identification procedure. It further appears from the discovery that the witness was shown one or more photographs of Mr. Berry by himself, rather than in a photo array. As a result, the identification procedure was unduly suggestive and reliable.

3. When considering the admissibility of identification testimony, "[t]he court must carefully consider all possible evidence of actual unreliability in determining whether the requisites of due process have been met." Russell v. United States, 408 F.2d 1280, 1282 (D.C. Cir. 1969). Manson v. Braithwaite, 432 U.S. 98 (1977) points to several relevant areas of inquiry: the opportunity of the witness to view the criminal at the time of the crime; the witness' degree of certainty demonstrated at the time of the confrontation; the accuracy of the prior description of the criminal; the witness' degree of attention; and the time between the crime and the confrontation. Defendant submits that an analysis of the factors in this case will lead to the conclusion that the out-of-court pre-trial identification(s) in question were unnecessarily suggestive and unreliable. See, Manson, supra. Therefore, defendant submits that the out-of-court identification(s) must be suppressed.

4. When an out-of-court identification is unduly suggestive and unreliable, the Government can elicit an in-court identification only if there is a source independent of those pre-trial identifications to support the in-court identification. United States v. Wade, 388 U.S. 218 (1967).

5. After Manson, suppression is largely an all-or-nothing proposition. If an out-of-court identification is unreliable, and hence inadmissible, any subsequent in-court identification is

generally also inadmissible. This is because the "independent source" issue involves the same concerns as the reliability issue. Both inquire into the quality and nature of the eyewitness' original identification of the suspect. Thus, defendant submits that no independent source exists for an in-court identification of the Defendant in this case, and that any and all identification testimony by the cooperating witness should be suppressed.

    6. Defendant respectfully requests a hearing on this motion.

    WHEREFORE, for these reasons and such other reasons as may be adduced at a hearing on this motion, the Defendant respectfully requests this Court to grant this motion to suppress identification testimony.

                                          Respectfully submitted,

                                          /s/
                              Howard B. Katzoff (Bar # 348292)
                              601 Indiana Avenue, NW  Suite 500
                              Washington, DC  20004
                              (202) 783-6414
                              Counsel for Defendant Berry

## CERTIFICATE OF SERVICE

    I hereby certify that this   8th   day of   November  , 2005, a copy of the foregoing Motion and Points and Authorities were electronically served upon Wanda Dixon, Assistant United States Attorney for the District of Columbia, 555 Fourth Street N.W., Washington, D.C. 20530, and upon Jonathan Jeffress, counsel for Edgar Fields.

                              /s/
                            Howard B. Katzoff