UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>)<br>v.   )<br>)<br>)<br>**DAMIAN BERRY** ) | )<br>)<br>)<br>)   CR. NO. 05 -357 - 02  (RMU)<br>)<br>)<br>) |

**DEFENDANT'S MOTION FOR SEVERANCE AND**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant, Damian Berry, through undersigned counsel, hereby moves, pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure, to sever his trial from that of his co-defendant. As grounds for this Motion defendant states as follows:

1. Damian Berry and Edgar Fields are each charged in two counts of a four count indictment. In Count One, both defendants are charged with Unlawful Distribution of cocaine base on or about August 25, 2005, in violation of 21 U.S. Code 841(a)(1) and (b)(1)(C). Mr. Berry is charged alone in Count Three with Unlawful Distribution of cocaine base on or about September 6, 2005, in violation of 21 U.S. Code 841(a)(1) and (b)(1)(C). Mr. Fields is charged individually in Counts Two and Four with Unlawful Distribution of cocaine base in violation of 21 U.S. Code 841(a)(1) and (b)(1)(C) on two other dates.

2. Mr. Berry contends that his case should be severed from his co-defendant because the counts are misjoined under Rule 8(b) of the Federal Rules of Criminal Procedure. Rule 8(b) of the Federal Rules of Criminal Procedure, controls both the joinder of offenses and defendants where there are two or more defendants charged. United States v. Jackson, 562 F.2d 789, 793 - 94 (D.C. Cir. 1977):

> Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts both together or separately and all of the defendants need not be charged in each count.

- 2 -

3. As long as only one defendant is involved, Rule 8(a) permits joinder of similar but unrelated offenses. However, "in the multiple defendant context, Rule 8(b) forbids joinder, even of identical crimes, unless those crimes are part of 'the same series of acts or transactions'." Jackson, supra at 797. Recognizing that there is always some degree of prejudice when similar charges are joined in an indictment, Rule 8(b) significantly limits the circumstances under which the government can include prejudicial similar charges involving a co-defendant.

4. Moreover, proper joinder must be determined from the allegations in the indictment, not from the evidence at trial. See generally, United States v. Posada-Rios, 158 F.3d 832 (5th Cir. 1998). Thus if joinder is not proper based on the allegations in the indictment, a severance request must be granted.

5. While Mr. Berry and Mr. Fields are both charged in Count One with unlawful distribution of cocaine base on August 25, 2005, the remaining distribution offenses do not appear to involve any joint conduct. Thus the other counts are not part of the same act or transaction, or part of the same series of acts or transactions constituting an offense. Nor are they alleged to be part of a common plan or scheme. Simply put, the indictment does not set forth the requisite connection between the counts under Rule 8(b). See eg., United States v. Satterfield, 548 F.2d 1341 (9th Cir. 1977) (joinder of 5 robberies in indictment was improper where one defendant was charged in 5 robberies, but the co-defendant was only charged in 2 of the 5 robberies). Notwithstanding the fact that the alleged offenses are very similar, there is no allegation that the other distribution offenses charged in the indictment were part of a series of acts constituting an offense. Thus the counts in this indictment are misjoined, and severance of either the defendants or offenses is required to cure the misjoinder.

- 3 -

WHEREFORE, for these reasons, and any additional reasons adduced at a hearing on this motion, defendant Damian Berry respectfully moves this Court to sever his case from the co-defendant's case, or sever Count One from the remaining counts.

Respectfully submitted,

_____
Howard B. Katzoff, # 348292
601 Indiana Ave., N.W.
Suite 500
Washington, D.C. 20004
(202) 783-6414
Counsel for Defendant Berry


**CERTIFICATE OF SERVICE**

I hereby certify that this __8th__ day of __November__, 2005, a copy of the foregoing Motion and Points and Authorities were electronically served upon Wanda Dixon, Assistant United States Attorney for the District of Columbia, 555 Fourth Street N.W., Washington, D.C. 20530, and upon Jonathan Jeffress, counsel for Edgar Fields.

_____
Howard B. Katzoff