UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) Crim. No. 05-357-02 (RMU) |
| | ) |
| | ) |
| DAMIAN BERRY | ) |

**DEFENDANT BERRY'S MOTION TO RE-INSTATE BOND CONDITIONS
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant, Damian Berry, through undersigned counsel, respectfully requests that this Court re-instate reasonable bond conditions pending trial in this case. As grounds for this request defendant states the following:

**FACTUAL AND PROCEDURAL BACKGROUND:**

In late September 2005, Elliott Fields and Damian Berry were indicted in a four count indictment charging violations of 21 U.S.C. 841(a)(1) and (b)(1)(C)- unlawful distribution of a detectable amount of cocaine base. Mr. Berry is charged in two of the counts. He voluntarily appeared for his arraignment after receiving mailed notice of the hearing. At the arraignment Mr. Berry was released on personal recognizance and conditions of release were set.

Mr. Berry promptly met with counsel to begin reviewing the discovery in the case. He has maintained regular contact with counsel, has kept his scheduled meetings with counsel, and has been very responsible in addressing the allegations in this matter. However, during the pendency of the case it has become apparent that Mr. Berry suffers from a substance abuse problem. He violated his conditions of release and was ordered into the New Directions 30 day in-patient drug treatment program, followed by intensive out-patient treatment. He was held at the D.C. Jail for more than a week until bed space became available at one of the residential programs. He was then taken directly from the D.C. Jail to that program.

2

Mr. Berry successfully completed the residential program, and was released to begin the out-patient phase of the program. He seemed to benefit greatly from the program, as evidenced by his improved appearance, attitude, and demeanor. Nevertheless, like many substance abusers, Mr. Berry relapsed when he returned to the community. At the last status hearing, Leontyne Fredericks, the case manager for the New Directions program, recommended that Mr. Berry be terminated from the program because of his violations. Counsel requested time to try to help Mr. Berry set up an alternative structured treatment plan which might help him avoid further setbacks in his recovery. Nevertheless, the Court indicated that it had no choice but to revoke Mr. Berry's bond, while at the same time acknowledging that the Court might reconsider the issue in the future if an appropriate structured treatment plan could be put in place for Mr. Berry.

Mr. Berry has now been held at the D.C. Jail for two weeks. Counsel has met with him a couple of times since he was stepped back. He seems to have learned something from his experiences. He seems to better understand how difficult recovery is, and that he can not overcome his problem if he does not make a personal commitment to treatment. Mr. Berry has shown that he has the desire and potential to succeed in his life. He had obtained a job with a glass and mirror company prior to his arrest in this case, and held that job until he was jailed pending placement in the residential program. Thus he has demonstrated that he is employable, and that he has the discipline to go to work on a daily basis to support himself. In short, notwithstanding the drug problem, Mr. Berry has shown a very responsible side to his personality. In addition, he seems to truly want to put this behavior behind him because he recognizes that it keeps landing him in jail.

Counsel now has a viable treatment plan to offer the Court to address the substance abuse problem. Ms. Fredericks has indicated that she has been authorized to give Mr. Berry another chance to take advantage of their program. She has emphasized that Mr. Berry must show a level of commitment not previously demonstrated. I discussed that issue with Mr. Berry, advising him that if he is willing and able to make the necessary commitment to his recovery, they will work

3

with him. Mr. Berry indicates that he is both willing and able to do that. Thus counsel is now filing this motion, and asking the court to re-instate conditions of release, including placement in the New Directions intensive out-patient treatment program.

The program is a sanction based program, with graduated sanctions for any violations of the program's conditions. The program requires participants to attend three group counseling meetings a week, and submit to weekly drug testing. Each of the meetings lasts three hours. The strict sanction based approach has been successful for many defendants in the court system who have needed to address a substance abuse problem.

Ms. Fredericks will be personally supervising Mr. Berry's case, so the Court can rest assured that his case will be professionally handled. In addition, counsel has discussed with Mr. Berry the value of doing more than the New Directions program requires. He indicated that he knows the times and locations of several of the Narcotics Anonymous ("NA") meetings in this area, and plans to attend some of those meetings as well. Counsel recommends that Mr. Berry be required to attend NA/AA meetings at least three additional days a week, provide weekly verification of his attendance to the Pretrial Services Agency; and obtain a mentor in the NA/AA program within 30 days. Those additional conditions will require Mr. Berry to focus on his recovery at least 6 days a week, and establish additional community based support, which hopefully will give him a fighting chance to succeed.

Counsel would note that the enumerated factors set forth in 18 U.S.C. 3142(g) favor setting release conditions in the defendant's case - so long as the substance abuse issues are being addressed. Mr. Berry was born and raised in the District of Columbia. He lives with his mother, has strong community ties, and is not a risk to flee. In addition, Mr. Berry has a relatively minor criminal record, is not on supervision for any other criminal matters at this time, and was not on any supervision at the time of the alleged offense. His last arrest was nearly five years ago.

4

Another factor which favors the setting of release conditions is the fact that a potential prison sentence in this case is likely to be far less than in most cases in this court. Mr. Berry is charged with distribution of a few grams of cocaine base.[1] There are no allegations of violence in the case. There is no statutory mandatory minimum in the case, and Mr. Berry is probation eligible under the statute. The punishment for failing to appear would likely be greater than the punishment for the underlying offense. Accordingly, there is no incentive to flee. Moreover, Mr. Berry has always appeared in court in this case, even on the days he knew he was likely to get stepped back. Thus it seems clear that he is not a risk to flee, and that with appropriate treatment he is not a danger to the community.

**CONCLUSION:**

Counsel submits that the statutory factors set forth in 18 U.S.C. 3142(g) support a finding that reasonable conditions of release should again be set for Mr. Berry. If he can successfully address his substance abuse problem, he will not be a risk to flee or a danger to the community. The proposed substance abuse counseling and treatment should better address his substance abuse problem. Therefore, reasonable release conditions, including substance abuse treatment and counseling, can and should be re-instated in this case.

Defendant respectfully requests a hearing on this motion at the Court's earliest convenience. Ms. Fredericks has asked that any hearing be set in the afternoon, since she is generally required to be in Superior Court for the morning calendar calls.

Counsel also advised Wanda Dixon, the Assistant United States Attorney assigned to the case, that the defendant was filing a bond motion. Ms. Dixon indicates that she can not take a position at this time, not having spoken to Ms. Fredericks. However, she indicates that she is willing to forego a written opposition, and to advise the Court of the government's position at a

---

[1] If Mr. Berry's case was not linked to the co-defendant's case, he likely would have been prosecuted in the Superior Court.

5

hearing. Ms. Dixon further advises that her first available afternoon for a hearing on the motion is Thursday January 26th, except that she has a sentencing before Judge Leon at 2:00 p.m.

Thus defendant respectfully requests that the Court schedule a hearing on this motion either before or after Ms. Dixon's 2:00 p.m. sentencing in the afternoon on Thursday January 26th. If the Court can not fit this matter in that day, then counsel requests that next available time the Court, the attorneys, and Ms. Fredericks are all available.

WHEREFORE, for the above stated reasons, and for any other reasons raised at a hearing on this Motion, defendant requests that the court grant this motion.

Respectfully submitted,

   /s/
Howard B. Katzoff (Bar # 348292)
717 D Street N.W., Suite 310
Washington, D.C. 20004
Counsel for Damian Berry
(202) 783-6414

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion was served electronically on Wanda Dixon, Esq., Assistant United States Attorney for the District of Columbia, 555 Fourth Street, N.W., Washington, D.C. 20530, this  23rd  day of  January , 2006.

   /s/
Howard B. Katzoff